Frank M. Weyer, Esq. (State Bar No. 127011)
**TECHCOASTLAW®**
2032 Whitley Ave.
Los Angeles CA 90068
Telephone:   (310) 494-6616
Facsimile:    (310) 494-9089
fweyer@techcoastlaw.com

Attorney for Plaintiff
EveryMD.com LLC

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERYMD.COM LLC,<br>a California limited liability company,<br><br>                    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br>a Delaware corporation,<br><br>                    Defendant. | Civil Action No.<br>2:13-CV-06490- MRP (FFMx)<br><br>**STATUS REPORT REGARDING INTER PARTES REVIEW OF U.S. PATENT NO. 8,504,631** |

Pursuant to the Court's Order Staying Case dated January 16, 2014, Plaintiff EveryMD.com LLC ("EveryMD") hereby provides a status update regarding the Petition for Inter Partes Review of U.S. Patent No. 8,504,631 filed by Google and Twitter on January 13, 2014.

On June 30, 2014, the Patent Trial and Appeal Board ("PTAB") issued a decision denying Google and Twitter's request for rehearing on the PTAB's decision denying Google and Twitter's Petition for Inter Partes Review. A copy of the PTAB's decision denying the request for rehearing is attached as Exhibit 1. The PTAB's denial of the Petition for Inter Partes Review is now final.

Respectfully submitted,
**TECHCOASTLAW®**

Dated: June 30, 2014    By: _____
Frank M. Weyer (State Bar No. 127011)
2032 Whitley Ave.
Los Angeles, CA 90068
(310) 494-6616
Fax (310) 494-9089
fweyer@techcoastlaw.com
Attorney for Plaintiff
EveryMD.com LLC

# EXHIBIT 1

Trials@uspto.gov                                                                Paper 11
571-272-7822                                                         Entered: June 30, 2014

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

GOOGLE INC. and TWITTER, INC.,
Petitioners,

v.

EVERYMD.COM LLC,
Patent Owner.

_____

Case IPR2014-00347
Patent 8,504,631 B2

Before KRISTEN L. DROESCH, MICHAEL R. ZECHER, and
PETER P. CHEN, *Administrative Patent Judges.*

DROESCH, *Administrative Patent Judge.*

DECISION ON REQUEST FOR REHEARING
*37 C.F.R. § 42.71(d)*

I. INTRODUCTION

Google Inc. and Twitter, Inc., (collectively "Petitioners") filed a Request for Rehearing ("Req. Reh'g") of our Decision, entered May 22, 2014 (Paper 9, "Decision," "Dec. on Institution"), denying institution of an *inter partes* review of claims 1–10 of U.S. Patent No. 8,504,631 B2 ("the '631 Patent"). Specifically, Petitioners request

IPR2014-00347
Patent 8,504,631 B2

rehearing of our Decision not to review claims 1–10 as unpatentable under 35 U.S.C. § 102 as anticipated by Shah (Ex. 1007), and as unpatentable under 35 U.S.C. § 103 as obvious over Shah (Ex. 1007) and Belanger (Ex. 1008). Req. Reh'g 1.

    Petitioners contend the Board misapprehended or overlooked the following:

(a) the proper reading of the '631 Patent claims (Req. Reh'g 1, 5–7);

(b) the arguments and evidence in the Petition explaining that Shah anticipates claims 1–10 (*id.* at 5, 8–12); and

(c) the arguments and evidence in the Petition explaining that claims 1– 10 would have been obvious over Shah and Belanger (*Id.* at 5, 13–15).

## II. ANALYSIS

    When rehearing a decision on institution, the Board reviews the decision for an abuse of discretion. 37 C.F.R. § 42.71(c). The request for rehearing must identify specifically all matters the party believes the Board misapprehended or overlooked, and the place where each matter was addressed previously. 37 C.F.R. § 42.71(d). A request for rehearing is not an opportunity to present new arguments or express disagreement with a decision.

### A. *Misapprehension of the Proper Reading of Claim 1*

    Petitioners assert that because the Decision utilized the term "user," which does not appear in the claim, in place of the "said first member," and used the terms "user" and "sender" interchangeably, the Board incorrectly interpreted "said first member" in claim 1 as the message sender rather than the message recipient. Req. Reh'g. 6. Petitioners assert that the Petition

2

IPR2014-00347
Patent 8,504,631 B2

explained that the second member in claim 1 is the message sender, while the first member is the message recipient. *Id.* (citing Pet. 2–3, 10, 16–18). Petitioners contend that the Board mirrors the '631 Patent explanation that the terms "user" and "sender" are used interchangeably, by using the terms interchangeably consistent with the Petition and the '631 Patent. *Id.* at 7. On this basis, Petitioners assert that the Board misapprehended the limitation as requiring the second message to be sent to the telephone number of the user/sender (second member) rather than that of the recipient (first member). *Id.*

      Petitioners' arguments are misplaced. In our Decision we provided the following explanation:

> Petitioners do not offer an explanation as to how Shah discloses the "server computer system sending a second message to a telephone number associated with *said first member* notifying *said first member* of said first input data." Notably, the quoted and cited portions of Shah are silent regarding notifying a user of the input data by way of a message sent to the user's telephone number.

Dec. on Institution 19–20 (emphases added); *see id.* at 25. Our utilization of the term "user" in the second sentence reproduced above was as a generic term in place of the claimed "said first member," and included no intent to further denominate the user's role as a recipient or sender. Rather, similar to the "first member" and "second member" recited in claim 1, the roles of recipient and sender are not specified. When broadly construed, the terms "first member," and "second member" are capable of fulfilling the roles of a sender, a receiver, or both a sender and a receiver. Similarly, our use of the term "user," does not specify the roles of recipient or sender, as a "user" also

3

IPR2014-00347
Patent 8,504,631 B2

is capable of fulfilling the roles of a sender, a receiver, or both a sender and a receiver.

For these reasons, and as demonstrated by our statement "Petitioners do not offer an explanation as to how Shah discloses the 'server computer system sending a second message to a telephone number associated with *said first member* notifying *said first member* of said first input data' (*see* Dec. on Institution 19–20), we did not misapprehend the proper reading of "said first member" in claim 1.

> B. *The Board Overlooked Evidence and Argument Explaining That Shah Anticipates Claims 1–10*

Petitioners argue that the Petition appropriately summarizes the claim recitation "said server computer system sending a second message to a telephone number associated with said first member notifying said first member of said first input data," as a message routing step for sending a message to a recipient . . . via a telephone number. Req. Reh'g 8 (citing Pet. 2–3). Petitioners further argue that the Petition makes clear that routing a message to a telephone satisfies the requirement of "notifying" the recipient of the message entered on the web interface. *Id.* at 8–9 (citing Pet. 2).

Petitioners' arguments are newly presented. *Compare* Req. Reh'g 8–9, *with* Pet. 2–3. Petitioners do not identify sufficiently where these arguments were previously made in the Petition. Rather, the Petition at pages 2–3 presents an overview of the '631 Patent, and includes a subjective characterization of the '631 Patent Specification and claim 1. For example, the Petition presents the following statements:

4

IPR2014-00347
Patent 8,504,631 B2

>While it is unclear what content of the '631 patent specification, if any, could reasonably be considered novel and non-obvious, the '631 patent claims are even more generically defined and expansive in breadth compared to the specification. Whatever specifics might be found in the specification have been stripped from the '631 patent claims, such that those claims, broadly construed, define nothing beyond general web-based email messaging with some basic message routing functionality. *See, e.g.,* Declaration of William H. Beckmann, Ph.D. (attached as Ex. 1002) at ¶19.
>
>Claim 1 of the '631 patent is illustrative, and generically recites (1) receiving a message from a sender ("second member") via a browser message interface; (2) sending a message to a recipient ("first member") via a telephone number; and (3) additionally sending the message to an emailbox of the recipient ("first member"). *See* Ex. 1002 at ¶ 20.

Pet. 2–3. The Petition at pages 2–3 provides Petitioners' characterization of the generic recitations of claim 1, but does not present arguments for construing "said server computer system sending a second message to a telephone number associated with said first member notifying said first member of said first input data," as only requiring a message routing step for sending a message to a recipient via a telephone. Because Petitioners' arguments are newly presented, we are unpersuaded that we overlooked arguments in the Petition regarding the construction of "said server computer system sending a second message to a telephone number associated with said first member notifying said first member of said first input data," as only requiring message routing step for sending a message to a recipient via a telephone. We note further that Petitioners do not present a proposed claim construction for this claim phrase in the Petition. *See* Pet. 7–12. In our Decision, we considered all of the limitations of claim 1,

5

IPR2014-00347
Patent 8,504,631 B2

including the recitation of "notifying said first member of said first input data."

Petitioners' remaining arguments are that we overlooked the claim chart, arguments in the Petition, and testimony of Dr. Beckman that demonstrate that Shah discloses a server that can route a message to a recipient's telephone. Req. Reh'g 8–11. These arguments are premised on Petitioners' newly proposed claim construction for "said server computer system sending a second message to a telephone number associated with said first member notifying said first member of said first input data," as only requiring a message routing step for sending a message to a recipient via a telephone. As pointed out by Petitioner, we acknowledge that Shah discloses a server that can route a message to a recipient's telephone. Req. Reh'g. 12; *see* Dec. on Institution 19. However, as explained in our Decision, "Petitioners do not offer an explanation as to how Shah discloses a 'server computer system sending a second message to a telephone number associated with said first member *notifying said first member of said first input data.*'" Dec. on Institution 19 (emphasis added).

*C. The Board Overlooked Evidence and Argument in the Petition Explaining that Claims 1–10 Would Have Been Obvious Based on Shah and Belanger*

Petitioners assert that the Board overlooked the disclosure in Shah, the arguments regarding the combination of Shah and Belanger, Petitioners' claim charts (Req. Reh'g 13), and the supporting expert declaration that allegedly explains that a person of ordinary skill in the art would have considered the combination an "application of known systems in a known manner with an expected outcome" (*Id.* at 14 (citing Pet. 44 (citing Ex. 1002

6

IPR2014-00347
Patent 8,504,631 B2

¶ 79))). Petitioners further argue that the Petition explains that the combination is technically feasible because the two systems can be run in the same environment. *Id.* at 14 (citing Pet. 44).

We are not persuaded that we overlooked Petitioners' arguments. In our Decision, we considered Petitioners' claim charts, arguments, and the supporting expert declaration where cited, and subsequently determined that Petitioners' reasoning was insufficient. *See* Dec. on Institution 25–27 (citing Pet. 44, 49–50; Ex. 1002, ¶¶ 79, 80). A request for rehearing is not an opportunity to express disagreement with our decision in that regard.

In addition, Petitioners' argument directing attention to expert testimony, as well as their argument found in the portion of the Petition characterizing the '631 Patent to "explain[] the prior art landscape in 'message routing/notification' to inform how a person of ordinary skill in the art would have viewed the combination," is newly presented to augment Petitioners' previous assertions regarding the combined teachings of Shah and Belanger. *Compare* Req. Reh'g 14 (citing Pet. 3–4; Ex. 1002 ¶¶ 21–25, *with* Pet. 43–57. Also newly presented is Petitioners' related argument that "the Petition and Beckman Declaration explain that the prior art and the Shah and Belanger disclosures demonstrate that it would have been obvious to one of ordinary skill in the art to combine Shah's message routing and notification functionality in an entirely web based system." Req. Reh'g 14 (citing Pet. 3, 13–14, 43–44; Dec. on Institution 21; Ex. 1002 ¶¶ 21–25, 57–62, 77–80). Because these arguments were not presented in the first instance in the Petition, we could not overlook these arguments.

### III. DECISION ON REHEARING

Petitioners' Request for Rehearing is *denied.*

IPR2014-00347
Patent 8,504,631 B2


PETITIONER:

Michael T. Rosato
WILSON SONSINI GOODRICH & ROSATI
mrosato@wsgr.com

Matthew A. Argenti
WILSON SONSINI GOODRICH & ROSATI
margenti@wsgr.com

PATENT OWNER:

Frank Michael Weyer
TECHCOASTLAW
fweyer@techcoastlaw.com